UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x

GARY VICKERS,                          :
                          Plaintiff    :
          -against-                    : No. 11-cv-4031(RRM)(VVP)
                                       :
                                       :
                                       :
                                       :
THE CITY OF NEW YORK, POLICE           :
OFFICERS RUSSELL FERTIK,               :
VINCENT LINDNER, and CARLOS MATOS,     :
and SERGEANT JULIE MORAWEK of the      :
NEW YORK CITY POLICE DEPARTMENT,       :
                          Defendants,  :
_____x

## PLAINTIFF'S FIRST AMENDED COMPLAINT

1.      This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, POLICE OFFICERS RUSSELL FERTIK, VINCENT LINDNER, and CARLOS MATOS, and SERGEANT JULIE MORAWEK of the NEW YORK CITY POLICE DEPARTMENT, arising out of the false arrest, false imprisonment, use of excessive force, assault, and battery of GARY VICKERS.

2.      On May 22, 2010, Defendant-Employees and other members of the New York City Police Department, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention, use of excessive force, and assault and battery for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of

plaintiff's rights under the Fourth and Fourteenth Amendments of the
United States Constitution.

3.      The Plaintiff, GARY VICKERS, through his attorneys,
complaining of the defendants, respectfully alleges:

JURISDICTION

4.      This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 §§
U.S.C. 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth
Amendments to the Constitution of the United States. Pendant Jurisdiction,
pendant party jurisdiction, and supplementary jurisdiction over plaintiff's
state law claims is asserted under 28 U.S.C. § 1367.

5.      The amount in controversy exceeds $75,000.00 excluding
interest and costs.

6.      Venue is proper in this district under 28 U.S.C. § 1391 (b)
because the acts and transactions that give rise to this action, occurred in
substantial part in this district.

PARTIES

7.      Plaintiff at all times relevant hereto resided in the City of New
York, County of Kings and State of New York.

8.      That at all times hereinafter mentioned, and upon information
and belief, the defendant, THE CITY OF NEW YORK, was at all times
relevant hereto, a municipal corporation duly organized and existing under
the laws, statutes and charters of the State of New York.

9.    The New York City Police Department was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10.    That at all times hereinafter mentioned, and on information and belief, Defendants POLICE OFFICERS RUSSELL FERTIK, VINCENT LINDNER, CARLOS MATOS, and JULIE MOARWEK were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by The New York City Police Department.

11.    At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the CITY OF NEW YORK and the State of New York.

12.    That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13.    That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

<u>FACTUAL ALLEGATIONS</u>

14.     On or about May 22, 2010, plaintiff was enjoying good food, music, and company at a barbeque held in his neighborhood in between two buildings at or around the vicinity of 105TH Street and Glenwood Road, Brooklyn, New York.

15.     For reasons unknown to plaintiff, approximately five or six New York City Police Department vehicles pulled up to the barbeque.

16.     Plaintiff began walking slowly away from the barbeque with a juice container in his hand. Plaintiff was silent and not bringing any attention to himself.

17.     Defendant POLICE OFFICER RUSSELL FERTIK came up to plaintiff and asked him what was in his cup.

18.     Plaintiff did not respond and continued walking, at which point OFFICER FERTIK assaulted and battered plaintiff by striking him with something made out of metal – likely either a baton or a walkie-talkie – right above his right eye.

19.     Plaintiff buckled from the intensity of the blow and put his hands up to block another blow.

20.     Defendant SERGEANT JULIE MORAWEK then ordered plaintiff's arrest.

21.     Defendants POLICE OFFICERS VINCENT LINDNER, CARLOS MATOS, and possibly additional officers then grabbed plaintiff by his legs and tackled him to the concrete ground, further injuring plaintiff.

22.     As plaintiff laid face-down on the concrete ground, plaintiff was informed by an acquaintance standing nearby that his head was bleeding and blood was dripping onto the ground.

23.     Plaintiff was then handcuffed and arrested by OFFICERS FERTIK, LINDNER, and MATOS and removed to the 69th Precinct. Plaintiff was then taken from the 69th precinct to Central Booking at 120 Schermerhorn Street, Brooklyn, NY where he remained in custody for approximately two days.

24.     Following his release plaintiff went to Kings County Hospital where he received treatment for the head injury caused by the Defendant-Officers.

25.     Defendants imprisoned and detained plaintiff, restrained him, and deprived him of his liberty and property without any right to do so, and against the will of plaintiff.

26.     The arrest of plaintiff was committed by the defendants without legal process and without probable cause.

27.     The plaintiff remained in custody for approximately two days.

28.     Defendants acted maliciously and intentionally.

29.     As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to embarrassment, humiliation, loss of liberty, psychological injury, pain, suffering, emotional distress, and mental anguish.

30.     Within 90 days of the occurrence of this incident, plaintiff filed a written Notice of Claim with the City of New York. This matter has not been settled or otherwise disposed of.

## FIRST CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

31.     Paragraphs 1 through 30 are herein incorporated by reference.

32.     Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

33.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

34.     As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.     In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

6

B.      Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (MUNICIPAL LIABILTY)

35.      Paragraphs 1 through 34 are incorporated herein by reference.

36.      Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

37.      Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

38.      Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

39.      Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

40.     Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

41.     Defendants subjected plaintiff to false arrest and false imprisonment.

42.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (FOURTH AMENDMENT)

43.     Paragraphs 1 through 42 are incorporated herein by reference.

44.     Defendants POLICE OFFICERS RUSSELL FERTIK, VINCENT LINDNER, and CARLOS MATOS, and SERGEANT JULIE MORAWEK illegally arrested plaintiff subjecting him to false arrest, imprisonment, the use of excessive force, and deprivation of liberty without probable cause.

45.     That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured his by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

46.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
(FOURTEENTH AMENDMENT)

47.    Paragraphs 1 through 46 are incorporated herein by reference.

48.    Defendants POLICE OFFICERS RUSSELL FERTIK, VINCENT LINDNER, and CARLOS MATOS, and SERGEANT JULIE MORAWEK illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

49.    That as a result of the foregoing, the plaintiff has been deprived of him following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

50.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

10

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

    A.    In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

    B.    Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

    C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (ASSAULT)

51.    Paragraphs 1 through 50 are incorporated herein by reference.

52.    That the Court has pendant jurisdiction of this claim.

53.    That as a result of the foregoing, Defendants FERTIK, LINDNER, MATOS, and MORAWEK intentionally put the plaintiff in fear and fright of imminent physical harm.

54.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

    A.    In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.    Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (BATTERY)

55.    Paragraphs 1 through 54 are incorporated herein by reference.

56.    That as a result of the foregoing, Defendants FERTIK, LINDNER, MATOS, and MORAWEK intentionally caused the plaintiff to suffer physical harm.

57.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($ 1,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.    Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

12

D.   Granting such other and further relief as this Court deems just

and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
       March 8, 2012


                              BROMBERG LAW OFFICE, P.C.



                    By:   Michael N. Litrownik
                          One of Plaintiff's Attorneys



**Attorneys for Plaintiffs**

Brian L. Bromberg
Michael N. Litrownik
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: 212-248-7906
Fax: 212-248-7908

Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: 212-385-1373
Fax: 212-202-4036